UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM RAWLS ET AL.**                                     **CIVIL ACTION**

**VERSUS**                                                    **No. 14-602**

**PHILLIPS 66 COMPANY ET AL.**                               **SECTION I**

## ORDER

Before the Court is a motion[1] by plaintiff,[2] William Rawls, to remand the above-captioned matter, to which defendants, The North River Insurance Company ("North River") and Coastal of Abbeville, L.L.C. ("Coastal"), have filed an opposition.[3] Plaintiff has filed a reply.[4]

Plaintiff filed a petition for damages in Civil District Court for the Parish of Orleans on February 2, 2012,[5] asserting claims against numerous defendants under the general maritime law and the Jones Act.[6] Plaintiff filed a first supplemental and amending petition on December 13, 2013, adding claims for punitive damages.[7] On January 31, 2014, plaintiff filed a second supplemental and amending petition, adding nine new defendants, including North River and Coastal.[8] North River and Coastal filed a timely notice of removal pursuant to 28 U.S.C. § 1441(c).[9]

---

[1] R. Doc. No. 16.
[2] Two other plaintiffs were originally parties in the state court action, but these plaintiffs were essentially severed by the state court's consent judgment relative to improper cumulation. *See* R. Doc. No. 20, at 3; R. Doc. No. 1-4, at 13.
[3] R. Doc. No. 20.
[4] R. Doc. No. 24.
[5] R. Doc. No. 1-2, at 1.
[6] R. Doc. No. 1-2, at 6-9.
[7] R. Doc. No. 1-4, at 21.
[8] R. Doc. No. 1-6, at 3-4.
[9] R. Doc. No. 1, at 3. The Court rejects plaintiff's passing comment that, although "the last served defendant rule has been legislatively adopted, Plaintiff suggests that considerations of equity and efficiency deserve consideration" such that the Court should find the removal untimely. Plaintiff cites no authority for this proposition, other than *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986), which was superseded by statute as noted in *Felder v. Countrywide Home Loans*, No.

The general rule is that "[a] defendant who desires to remove a maritime action from state court to federal court must establish" a basis for jurisdiction other than admiralty jurisdiction. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991). Plaintiff argues that the-above captioned matter must be remanded because there is no independent basis for jurisdiction. Defendants respond that the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, changed the general rule set forth above.[10] The Court need not decide the issue because the Court finds that the presence of a Jones Act claim in this case precludes removal pursuant to § 1441(c). *See Freeman v. Phillips 66 Co.*, No. 14-311, 2014 WL 1379786, at *3-4 (E.D. La. Apr. 8, 2014) (Engelhardt, J.).[11]

Jones Act claims have been made non-removable by statute. 28 U.S.C. § 1445(a). However, § 1441(c) provides for a procedure by which actions including both a Jones Act claim and a federal question claim may be removed, subject to severance and remand of the Jones Act claim:

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes–
>
> > **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

13-0282, 2013 WL 6805843, at *2 (S.D. Tex. Dec. 20, 2013) (Lake, J.).

[10]District courts are divided as to whether the amendments to § 1441 permit defendants to remove general maritime claims on the basis of admiralty jurisdiction. *See Landerman v. Tarpon Operating & Dev., L.L.C.*, No. 14-381, 2014 WL 1763208, at *3 n.22 (E.D. La. May 1, 2014) (Vance, C.J.) (listing cases); *see also see also Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220-23 (5th Cir. 2013) (noting that "removal of maritime cases is permissible as long as there is an independent basis for federal jurisdiction" other than admiralty); *id.* at 229 (Higginbotham, J., dissenting) ("[F]ederal courts do not have removal jurisdiction over maritime cases which are brought in state court."); 1 The Law of Seamen § 1:11 (5th ed. 2013) (concluding that the amendments did not lift the preexisting bar to removing admiralty cases).

[11]Similarly, the Court need not address whether plaintiff's jury demand precludes removal. *See* R. Doc. No. 16-1, at 5 (citing *Barry v. Shell Oil Co.*, No. 13-6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014)); R. Doc. No. 20, at 17-18 (citing *Luera v. M/V Alberta*, 635 F.3d 181, 192 (5th Cir. 2011)).

> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

As Judge Engelhardt recognized in *Freeman*, both the past and present versions of section 1441(c)(1)(A) "apply only where the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331." 2014 WL 1379786, at *5.[12]

As in *Freeman*, plaintiff has alleged a Jones Act claim consistent with § 1441(c)(1)(B), but plaintiff has not alleged a claim that would give rise to federal question jurisdiction consistent with § 1441(c)(1)(A). Accordingly, even if plaintiff's maritime claims "are otherwise removable on the basis of admiralty jurisdiction, which the Court does not decide . . . , the defendants cannot overcome the statutory bar to removal" relative to plaintiff's Jones Act claim. *Id.*

The Court turns to defendants' argument that plaintiff's Jones Act claim is fraudulently pleaded.[13] The Court may only deny a motion to remand on the basis that a Jones Act claim is fraudulently pleaded where the Court "determines, after resolving all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor, that there is no reasonable basis for predicting that the plaintiff might establish liability under the Jones Act." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356-57 (5th Cir. 1999) (quotation omitted). Defendants bear

---

[12]"'Emphatically, claims in admiralty, whether designated in rem or in personam, do not fall within this category.'" *Freeman*, 2014 WL 1379786, at *5 (quoting *Dutile*, 935 F.2d at 63).
[13]*See* R. Doc. No. 20, at 12.

the "heavy burden" of showing a Jones Act claim is fraudulently pleaded. *Zertuche v. Great Lakes Dredge & Dock Co., LLC*, 306 F. App'x 93, 97 (5th Cir. 2009).

Defendants essentially argue that plaintiff's Jones Act claim is fraudulently pleaded because plaintiff does not allege that the oil rigs on which he worked were vessels.[14] This argument, which is not accompanied by citation to supporting evidence or authority, is an unpersuasive attempt to shift the burden in this "summary judgment-like" procedure to plaintiff. *See Fields*, 182 F.3d at 356. In any event, the Court notes that plaintiff's unrebutted deposition testimony indicates that he worked on a jack-up drilling rig, and there is a reasonable basis for predicting that such a rig is a vessel.[15] *See Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2014 WL 949111, at *4 (E.D. La. Mar. 11, 2014) (Barbier, J.) (citing *Gilbert v. Offshore Prod. & Salvage, Inc.*, No. 95-122, 1997 WL 149959 (E.D. La. Mar. 21, 1997) *aff'd*, 134 F.3d 368 (5th Cir. 1997)).

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **GRANTED** and that plaintiff's claims are **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, May 15, 2014.

                                          **LANCE M. AFRICK**
                                          **UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 20, at 16.
[15] R. Doc. No. 24-3, at 7-8.